SAM A. McKNIGHT AND ANN V. McKNIGHT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 34133–87.     Filed August 5, 1992.

*Alan L. Tinsley,* for petitioners.
*William G. Bissell,* for respondent.

### SUPPLEMENTAL OPINION

PARR, *Judge:* On August 6, 1991, petitioners filed a motion to dismiss for lack of jurisdiction. This motion was objected to by respondent on September 20, 1991. Thereon, petitioners filed a motion for leave to file a response to respondent's

notice of objection which was denied by this Court on October 4, 1991.

On October 9, 1991, we filed our opinion in this case, *McKnight v. Commissioner,* T.C. Memo. 1991-514 (McKnight I), denying petitioners' motion to dismiss for lack of jurisdiction. Petitioners filed a motion for reconsideration of findings or opinion under Rule 161, and a motion to vacate the Court's order of October 9, 1991.[1] Petitioners allege that our denial of their motion dated October 4 denied them due process since they were greatly prejudiced by the inability to counter respondent's "erroneous" allegations as evidenced by our holding in McKnight I.

In McKnight I, we held that MLSL Partnership (in which petitioners are partners) was a small partnership within the meaning of section 6231(a)(1)(B) and therefore excepted from the Tax Equity and Fiscal Responsibility Act (TEFRA) provisions of sections 6221-6231. We stated in the opinion that for tax year 1983, MLSL reported only two items on its Form 1065: ordinary loss from African-American Enterprises of $233,787 and net loss from self-employment of $255. The losses were apportioned according to the loss-sharing distribution as set forth in their Schedule K-1: Sam McKnight, 45 percent; J. Lydon McKnight, 45 percent; and Marguerite McKnight, 10 percent.

We followed *Harrell v. Commissioner,* 91 T.C. 242 (1988), which stated that the same-share rule was satisfied by determining whether the partnership reported more than one partnership item for the year, and if so, how those items were shared by each partner. The Court stated further that the determination should be made by examining the partnership return and the corresponding Schedules K-1, and any amendments thereto.

Accordingly, based on the above information, we concluded that MLSL partnership satisfied the same-share rule, since each partner's share of each of the partnership items was the same as his share of every other item *available for distribution* during the year. McKnight I, *supra;* see also sec. 6231(a)(1)(B)(i)(II).

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated.

In their motions to vacate and to reconsider now before us, petitioners raise an argument regarding the validity of the same-share regulation. Petitioners contend that to enforce the regulation, i.e., section 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987), as the Commissioner and this Court have thus far interpreted it, renders the regulation invalid, as it conflicts with the intent of Congress in enacting section 6231(a)(1). Section 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., *supra,* provides, in pertinent part, that the requirement of section 6231(a)(1)(B)(i)(II)[2] is satisfied for a taxable year if during all periods within that taxable year, each partner's share of each of the partnership items specified in section 301.6231(a)(3)-1(a)(1)(i) through (iv), Proced. & Admin. Regs.,[3] is the same as that partner's share of each of the other partnership items specified in that regulation section during that period.

Petitioners assert that Congress' intent with regard to the same-share rule under section 6231(a)(1)(B)(i)(II) was to include in the determination all partnership items as defined in section 301.6231(a)(3)-1(a)(1), Proced. & Admin. Regs. Petitioners argue that respondent unreasonably narrowed the scope of section 6231(a)(1)(B)(i)(II), and thus, in its application the regulation conflicts with the statute.

In defining same share as a comparative percentage of partnership items, the Code aptly defines what constitutes a partnership item in section 6231(a)(3) and the accompanying regulation. Yet the statute does not disclose which specific partnership items should be used in determining the same-share rule; i.e., should all partnership items listed in section 301.6231(a)(3), Proced. & Admin. Regs., be regarded, or should the population be restricted? Thus, the issue before us

---

[2] Sec. 6231(a)(1)(B) states, in pertinent part:

(B) EXCEPTION FOR SMALL PARTNERSHIPS.—

(i) IN GENERAL.—The term partnership shall not include any partnership if—

(I) such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and

(II) each partner's share of each partnership item is the same as his share of every other item.

[3] Sec. 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987), *erroneously* refers to the final regulation, sec. 301.6231(a)(3)-*1*(a)(1)-(3), Proced. & Admin. Regs., as sec. 301.6231(a)(3)-*1T*(a)(1)-(3). The regulation was subsequently amended to correct the error. See 52 Fed. Reg. 9296 (Mar. 24, 1987). Throughout this opinion the regulation is cited in its correct form.

is the validity of section 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., *supra.*

Our review of the regulations is limited. Legislative regulations (where Congress has explicitly left a gap for the Secretary to fill) can only be set aside by a court if they are arbitrary, capricious, or clearly contrary to the statute. *Morton v. Ruiz,* 415 U.S. 199 (1974). We may set aside an interpretative (implicit) Treasury regulation, i.e., a regulation issued pursuant to the authority of section 7805(a),[4] only if it is not a reasonable interpretation of the Code. Sec. 7805. See, e.g., *United States v. Vogel Fertilizer Co.,* 455 U.S. 16, 25-26 (1982) (regulation inconsistent with "brother-sister controlled group" because term defined specifically by the Code); *Rowan Cos. v. United States,* 452 U.S. 247, 254-258 (1981) (regulation which defined wages to include value of meals and lodging in oil rig employees' salaries invalid because Code definition of wages excluded these items).

Section 6231(a)(1)(B) does not specifically delegate to the Secretary the authority to prescribe regulations; hence, the challenged regulation is interpretative in character and thus entitled to less judicial deference. See *Hefti v. Commissioner,* 97 T.C. 180, 189 (1991); *Estate of Boeshore v. Commissioner,* 78 T.C. 523, 527 n.5 (1982).

Treasury regulations are valid if they implement the congressional mandate in some reasonable manner. *United States v. Correll,* 389 U.S. 299 (1967). In determining whether a particular regulation carries out the congressional mandate in a proper manner, we look to see whether the regulation harmonizes with the plain language of the statute, its origin, and its purpose. *National Muffler Dealers Association, Inc. v. United States,* 440 U.S. 472 (1979). A regulation may have particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of congressional intent. If the regulation dates from a later period, the manner in which the regulation evolved merits inquiry. *National Muffler Dealers Association, Inc. v. United States, supra* at 477. See also *Commissioner v.*

---

[4] SEC. 7805. RULES AND REGULATIONS.

(a) AUTHORIZATION.—Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.

*South Texas Lumber Co.,* 333 U.S. 496, 501 (1948); *Helvering v. Winmill,* 305 U.S. 79, 83 (1938).

The legislative history of the audit and litigation provisions of sections 6221-6231 is sparse. The committee reports dictate that the same-share rule is satisfied when "each partner's share of *any* partnership item is the same as his *distributive* share of *every* other partnership item." H. Conf. Rept. 97-760, at 608 (1982), 1982-2 C.B. 600, 667 (emphasis added). The reports do not, however, offer any guidance as to what partnership items should be examined in determining whether the same-share test has been satisfied.

Likewise, the courts have not addressed this specific issue. In both *Z-Tron Computer Program v. Commissioner,* 91 T.C. 258 (1988), and *Harrell v. Commissioner,* 91 T.C. 242 (1988), the issue was whether the partnership agreement was controlling in making the same-share rule determination. The Court determined that the partnership agreement was not controlling, and that the Commissioner should examine the partnership return and the corresponding Schedules K-1, and any amendments thereto. Neither opinion attempted to address the validity of the regulation.

Conversely, the regulation at issue is explicit in defining precisely what partnership items are to be considered in making such a determination. The partnership items specified in section 301.6231(a)(3)-1(a)(1)(i) through (iv), Proced. & Admin. Regs., are:

(i) Items of income, gain, loss, deduction, or credit of the partnership;

(ii) Expenditures by the partnership not deductible in computing its taxable income (for example, charitable contributions);

(iii) Items of the partnership which may be tax preference items under section 57(a) for any partner;

(iv) Income of the partnership exempt from tax;

Thus, in defining same share the regulation disregarded as a partnership item under section 301.6231(a)(3)-1(a), Proced. & Admin. Regs., partnership liabilities; other amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations; guaranteed payments; optional adjustments to basis of partnership property pursuant to an election under section 754; and items relating to contributions to the partnership, distributions from the partnership, and transactions to which section

707(a) applies to the extent that it is determined that the partnership is under an obligation. Sec. 301.6231(a)(3)-1(a)(1)(v) through (4), Proced. & Admin. Regs.

In reviewing a regulation for validity, case law dictates consideration of: (1) Whether the applicable statute is so general or ambiguous as to require an interpretative regulation, *National Muffler Dealers Association, Inc. v. United States, supra* at 476; (2) whether the regulation as promulgated implements the congressional mandate in some reasonable manner, *United States v. Correll, supra* at 307; (3) whether the regulation comports with the plain language of section 6231(a)(1), its origin and its purpose, *National Muffler Dealers Association, Inc. v. United States, supra* at 477; (4) whether the regulation is a substantially contemporaneous construction of the statute, *id.;* and (5) the length of time the regulation has been in effect, the reliance placed on it, the consistency of the Commissioner's interpretation, and the degree of scrutiny Congress has devoted to the regulation during subsequent reenactments of the statute, if any, *id.*

For the reasons set forth below, we conclude that section 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987), is valid inasmuch as it coincides with the plain language of the statute (sec. 6231(a)(1)(B)(i)(II)), its origin, and its purpose.

The small partnership exception of TEFRA represented a modification to H.R. 6300, 97th Cong., 2d Sess. (1982). The modification provided that small partnerships, which were exempted from the penalty under section 6698 for failing to file partnership returns, be excepted from the TEFRA requirements. The modification sought to establish that the partnerships which would realize such exception were those whose members "treat themselves as co-ownerships rather than partnerships, as each co-owner resolves his own tax responsibilities separately as an individual with the IRS." Tax Compliance Act of 1982 and Related Legislation: Hearings on H.R. 6300 Before the House Committee on Ways and Means, 97th Cong., 2d Sess. 259-261 (1982).

Thus, when Congress enacted the small partnership exception in TEFRA in September 1982, it implemented the same-share rule to ensure that only "simple" partnerships would be excepted. Congress delegated to the Secretary in section 6231(a)(3) authority to establish a regulation which defines

what constitutes a partnership item. Contemporaneously, in January 1983, the Secretary issued proposed regulations outlining what items are "more appropriately determined at the partnership level than at the partner level, and therefore, are partnership items." Sec. 6231(a)(3); see 48 Fed. Reg. 1759 (Jan. 14, 1983). Thereafter, in April 1986, the Secretary issued the regulations at issue. See 51 Fed. Reg. 13231 (Apr. 18, 1986).

Respondent argues that the rationale for limiting the partnership items applicable to the same-share rule was to ensure that only items which have a direct taxable impact on the partners, i.e., items flowing through to the partners from the partnership under subtitle A, be analyzed. The limitation ensures that items that are consistently exclusive to a partner would not eliminate the availability of the small partnership exception.

For example, in the case of a guaranteed payment, the receiving partner's share of that item is always 100 percent.[5] Thus, if guaranteed payments were included in the definition of partnership items for the same-share rule, the partner's share of that item would never be the same as his share of every other item. Hence, the exclusion of certain partnership items from the same-share rule percentage, by the promulgation of section 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., *supra,* less than 4 years after the enactment of section 6231(a)(1), ensures that only simple partnerships will be excepted and that partnership items that effectively eliminate the small partnership exception are excluded.

In summary, section 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., *supra,* is valid since it implements the congressional mandate of section 6231(a)(1) in a reasonable manner, it was a substantially contemporaneous construction of the statute, and it comports with the plain language of the statute, its origin, and its purpose. Consequently, we uphold the regulation.

---

[5] Guaranteed payments, which are governed under sec. 707(c), are payments by a partnership to a partner for services or for the use of capital which are determined without regard to partnership income. Lind & Schwarz, Fundamentals of Partnership Taxation, 218-219 (3d ed. 1991).

To reflect the foregoing,

*An order denying petitioners' motions for reconsideration and to vacate will be issued.*