T.C. Memo. 1996-88

UNITED STATES TAX COURT

JOHN W. AND VINCENTIA SCHWARTZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 19269-92, 7275-93.        Filed February 29, 1996.

<u>Gene M. Zafft</u> and <u>John W. Schwartz, Jr.</u>, for petitioners.

<u>Robert J. Burbank</u> and <u>Thomas C. Pliske</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  These consolidated cases
were assigned for hearing pursuant to section 7443A(b)(4) and
Rules 180, 181, and 183.[1]

These cases are before the Court on petitioners' motions to
dismiss for lack of jurisdiction.  In their motions, petitioners

_____

[1]  Unless otherwise indicated, all section references are to the
Internal Revenue Code as amended.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

claim that we lack jurisdiction over the portions of the deficiency determinations with respect to Westco Transportation Co. (Westco) and Makalu Apartments, Ltd. (Makalu), partnerships of which petitioner John W. Schwartz (petitioner) is a partner, because respondent failed to comply with the Tax Equity and Fiscal Responsibility Act (TEFRA) provisions of section 6223(a). Respondent objects to the motions on the grounds that Westco and Makalu fall within the small partnership exception to the partnership audit and litigation provisions, and, therefore, TEFRA procedures do not apply. A hearing was held with respect to these motions in St. Louis, Missouri.

At the time the petitions were filed herein, petitioners resided in Creve Coeur, Missouri. On June 5, 1992, respondent mailed a notice of deficiency to petitioners for taxable years 1987, 1988, and 1989. On January 19, 1993, respondent issued a second notice of deficiency to petitioners for taxable years 1985 and 1986. The deficiencies in and additions to petitioners' 1985 through 1989 taxes, as determined by respondent, are attributable in part to petitioner's interests in several partnerships and S corporations. The entities identified in the notices of deficiency are D & J Transportation, Inc. (D&J), J & J Marine, Inc. (J&J), MMM Management Corporation (MMM), Westco, and Makalu.

Following concessions,[2] the sole issue for decision is whether respondent was required by the partnership audit and litigation procedures, enacted in 1982 as a part of TEFRA, to issue notices of final partnership administrative adjustments (FPAA) with respect to Westco and Makalu within the statutory period.[3]  Secs. 6221, 6223(a)(2), 6231(a)(1)(B).  If respondent was required to issue FPAA's with respect to Westco and Makalu and failed to do so, we lack jurisdiction over these cases and petitioners' motions must be granted.  Harrell v. Commissioner, 91 T.C. 242, 243 (1988); Frazell v. Commissioner, 88 T.C. 1405 (1987)).

Petitioners contend that the resolution of disputed partnership items with respect to Westco and Makalu should occur at the partnership level, not the individual partner level.  Respondent alleges that the partnerships fall within the small

---

[2]  The parties stipulated that the Court does not have jurisdiction over respondent's adjustments to: (1) D&J for the taxable years ending Sept. 30, 1985, and Sept. 30, 1986; (2) J&J for the taxable years ending Sept. 30, 1985, and Sept. 30, 1986; and (3) MMM for 1985.  The parties further stipulated that the Court has jurisdiction over respondent's adjustments to: (1) D&J for the taxable years ending Sept. 30, 1987, Sept. 30, 1988, and Sept. 30, 1989; (2) J&J for the taxable years ending Sept. 30, 1987, Sept. 30, 1988, and Sept. 30, 1989; and (3) MMM for years 1986 through 1989.

[3]  In their motions to dismiss, petitioners also moved for litigation costs and attorney's fees under sec. 7430.  That motion is premature and not properly filed.  See Rule 231.  Were we to consider it, in light of our decision in this case, petitioners' request would be denied as moot.

partnership exception of section 6231(a) and, thus, all issues should be determined at the partner level. See sec. 6221.

Congress enacted the partnership audit and litigation procedures to provide a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner. Congress decided that no longer would a partner's tax liability be determined uniquely, but the tax treatment of any partnership item would be determined at the partnership level. Harrell v. Commissioner, supra at 243 (citing Maxwell v. Commissioner, 87 T.C. 783, 787 (1986)).

Section 6231(a)(1)(B) excludes certain small partnerships from the partnership audit and litigation provisions unless the partnership elects to have such provisions apply. The relevant portion of this section provides as follows:

(B) Exception for small partnerships.--

(i) In general. -- The term "partnership" shall not include any partnership if--

(I) such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and

(II) each partner's share of each partnership item is the same as his share of every other item.

For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

Petitioners concede that Westco and Makalu had 10 or fewer partners during the relevant periods. The dispute of the parties centers upon the applicability of section 6231(a)(1)(B)(i)(II) to

the facts as they existed in the taxable year 1985, with respect to Westco, and taxable years 1985 through 1988, with respect to Makalu; i.e., whether "each partner's share of each partnership item is the same as his share of every other item."

The same share requirement of section 6231(a)(1)(B)(i)(II) is satisfied if during all periods within a taxable year, each partner's share of each partnership item specified in section 301.6231(a)(3)-1(a)(1), Proced. & Admin. Regs., is the same as that partner's share of each of the other partnership items specified in that section during that period.  Moreover,

> if each partner's share of each partnership item would be the same as his or her share of every other item but for allocations made under section 704(c) or allocations made under similar principles in accordance with applicable regulations the requirement of section 6231(a)(1)(B)(i)(II) shall be considered satisfied.  Similarly, special basis adjustments pursuant to sections 754, 743, and 734 shall not be taken into account in determining whether the "same share" requirement is met.

Sec. 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987).

The partnership items referred to in these regulations and taken into consideration for purposes of the "same share" requirement are:

> (i) Items of income, gain, loss, deduction, or credit of the partnership;

> (ii) Expenditures by the partnership not deductible in computing its taxable income (for example, charitable contributions);

> (iii) Items of the partnership which may be tax preference items under section 57(a) for any partner;

(iv) Income of the partnership exempt from tax * * *

Sec. 301.6231(a)(3)-1(a)(1)(i) through (iv), Proced. & Admin. Regs.

Section 6031(a) provides that every partnership is required to "make a return for each taxable year, stating specifically the items of its gross income and the deductions allowable by subtitle A * * * and shall include in the return the names and addresses of the individuals who would be entitled to share in the taxable income if distributed and the amount of the distributive share of each individual." The regulations further clarify that the return shall include the "amount of the distributive share of income, gain, loss, deduction, or credit (including any items which enter into the determination of the tax imposed by section 56) allocated to each partner." Sec. 1.6031-1(a)(1), Income Tax Regs. Therefore, the partnership returns and Schedules K-1 are required to reflect what each partner's distributive share of each partnership item was for the partnership year. Harrell v. Commissioner, supra.

In Harrell v. Commissioner, supra, we first addressed the issue of the application of the same share requirement. The taxpayers argued that we lacked jurisdiction over the deficiency determination because the Commissioner, in seeking to make adjustments with respect to a partnership, failed to issue an FPAA. In particular, the taxpayers argued that the same share test should be applied to the terms of the partnership agreement,

and that if disproportionate allocations of items with respect to any partner are possible under the terms of the agreement, then the test has not been satisfied.  We held:

> [F]or purposes of determining whether a partnership is a small partnership and whether the same share rule is satisfied, the test should be applied by determining whether the partnership reported more than one partnership item for the year and, if so, how those items were shared by each partner.  This determination should be made by respondent as of the date of commencement of the audit of the partnership (but not necessarily on that date) by examining the partnership return and the corresponding Schedules K-1s, and any amendments thereto received prior to this date.
>
> * * * * * * *
>
> Because this section serves the limited purpose of determining to whom to issue a statutory notice or whether to issue an FPAA, and for the sake of judicial economy, we will not for these purposes permit a partner or representative of a partnership or respondent to claim a result other than that identified in the return and Schedules K-1s as filed and amended prior to the date of commencement of the partnership audit.

Harrell v. Commissioner, 91 T.C. at 246-247; see also Z-Tron Computer Program v. Commissioner, 91 T.C. 258 (1988).[4]

In McKnight v. Commissioner, T.C. Memo. 1991-514, suppplemented by 99 T.C. 180 (1992), affd. 7 F.3d 447 (5th Cir.

---

[4]    We note that although Harrell v. Commissioner, supra, and Z-tron Computer Program v. Commissioner, supra, hold that one may not look behind the returns and Schedules K-1 for purposes of the same share requirement, each opinion provides a detailed examination of the partnership agreement and its provisions regarding the partners' distributive share.  Moreover, we question whether this Court would be able to decide whether a specific allocation falls within the realm of sec. 704(c) or "similar principles" without looking to the partnership agreement or other supporting documents.  See sec. 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs.

1993), the taxpayers moved to dismiss for lack of jurisdiction on the ground that the Commissioner failed to comply with the TEFRA provisions of section 6223(a). The Commissioner argued that the partnership at issue was a small partnership within the meaning of section 6231(a)(1)(B), and, therefore, the TEFRA provisions do not apply. As in the instant case, the dispute centered on the same share requirement. The partnership reported only two items on its return for the year at issue; ordinary loss and net loss from self-employment. Because the losses were allocated according to the loss sharing distribution set forth on the Schedules K-1, we held that the same share requirement was satisfied.

The taxpayers in McKnight v. Commissioner, supra, later filed motions to vacate and for reconsideration of our opinion, arguing the validity of the same share regulation in that it conflicts with the intent of Congress in enacting section 6231(a)(1). The taxpayers contended that Congress' intent with regard to the same share rule under section 6231(a)(1)(B)(i)(II) was to include in the determination all partnership items defined in section 301.6231(a)(3)-1(a)(1), Proced. & Admin. Regs, and not to narrow its scope by application of the same share regulation of section 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., supra.

After reviewing the relevant statues and regulations, and the legislative history of the same, we observed that:

the regulation at issue is explicit in defining precisely what partnership items are to be considered in making such a determination. * * * (i) Items of income, gain, loss, deduction, or credit of the partnership; (ii) Expenditures by the partnership not deductible in computing its taxable income (for example, charitable contributions); (iii) Items of the partnership which may be tax preference items under section 57(a) for any partner; [and] (iv) Income of the partnership exempt from tax; Thus, in defining same share the regulation disregarded as a partnership item under section 301.6231(a)(3)-1(a), Proced. & Admin. Regs., partnership liabilities; other amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations; guaranteed payments; optional adjustments to basis of partnership property pursuant to an election under section 754; and items relating to contributions to the partnership, distributions from the partnership, and transactions to which section 707(a) applies to the extent that it is determined that the partnership is under an obligation. Sec. 301.6231(a)(3)-1(a)(1)(v) through (4), Proced. & Admin. Regs. [Emphasis added.]

McKnight v. Commissioner, 99 T.C. at 184-185.

We stated that the small partnership exception to the TEFRA provisions "sought to establish that the partnerships which would realize such exception were those whose members 'treat themselves as co-ownerships rather than partnerships, as each co-owner resolves his own tax responsibilities separately as an individual with the IRS.'" Id. at 185 (quoting Tax Compliance Act of 1982 and Related Legislation:  Hearings on H.R. 6300 Before the House Committee on Ways and Means, 97th Cong., 2d Sess. 259-261 (1982)). Thus, the intent of Congress in establishing the same share rule of section 6231(a)(1)(B)(i)(II) was to ensure that only "simple" partnerships would be excepted from the TEFRA provisions.

With these guidelines in mind, we turn to the facts of the instant cases. We first consider whether Makalu falls within the small partnership exception, and, as such, was not subject to the unified audit and litigation procedures for 1985. During the taxable years 1985 through 1988, Makalu consisted of two partners, petitioner and Murray Tucker (Tucker). Each owned .5-percent share of Makalu as a limited partner, and 49.5-percent share as a general partner.

Makalu's Form 1065 (partnership return) for 1985 reflects only one item; an ordinary loss of $50,176. The Schedules K-1 of petitioner and Tucker, attached to the Form 1065, indicate that the net loss was allocated to the partners according to the aforementioned percentages:

| Partner | Status | Percent Ownership | Loss Assigned | Percent Loss |
|---------|--------|-------------------|---------------|--------------|
| Petitioner | GP | .5 | $251 | .5 |
| Tucker | GP | .5 | 251 | .5 |
| Petitioner | LP | 49.5 | 24,837 | 49.5 |
| Tucker | LP | 49.5 | 24,837 | 49.5 |

The Schedules K-1, attached to Forms 1065 for taxable years 1986 through 1988, also reflect a single item of ordinary loss or loss from rental real estate activities and corresponding allocations.

As we stated in Z-tron Computer Program v. Commissioner, supra at 263, "An allocation to a partner of a share of partnership net or 'bottom line' taxable income or loss is an allocation to such partner of the same share of each item of income, gain, loss, and deduction that is taken into account in

computing the taxable income or loss.  See sec. 1.704-1(b)(1)(vii), Income Tax Regs."  Because the return and Schedules K-1 for Makalu during the relevant periods reflect only net loss and the partners' distributive share of that loss, the same share rule, that each partner's share of each partnership item was the same as his share of every other item available for distribution during the relevant period, was satisfied.

Petitioners initially contend that Makalu fails to satisfy the same share requirement in that there is disproportionate treatment of items due to and including guaranteed payments and basis adjustments.  However, as we clearly stated in McKnight v. Commissioner, 99 T.C. at 184, such items are not considered "partnership items" for purposes of the same share requirement. Petitioners appear to concede this position in their posttrial briefs, and, in the alternative, argue that the disproportionate allocations of the partners' capital accounts is sufficient to place Makalu outside the scope of section 6231(a)(1)(B).

In McKnight v. Commissioner, 99 T.C. at 186, we agreed with the Commissioner that "the rationale for limiting the partnership items applicable to the same share rule was to ensure that only items [having] a direct taxable impact on the partners, i.e., items flowing through to the partners from the partnership under subtitle A, be analyzed."  We further agreed that "items that are consistently exclusive to a partner would not eliminate the availability of the small partnership exception."  Id.

Therefore, contributions to and distributions from the partnership, and, as such, reconciliation of a partner's capital account, are not weighed for purposes of the same share requirement.

We next consider whether Westco falls within the small partnership exception, thereby excusing respondent from issuing an FPAA with respect to that partnership for the 1985 taxable year. Westco was formed in February 1979 and originally consisted of four partners: Bill Bruce, Donald Ham (Ham), Michael O'Daniels, and petitioner. As of 1985, only petitioner and Ham remained partners, petitioner having purchased the other partners' interests. Because, like Makalu, Westco clearly had 10 or fewer partners during the relevant period, the dispute again centers upon whether the same share requirement is satisfied.

The record is unclear as to the percentage of Westco that was owned by petitioner during 1985. Despite petitioner's having prepared Westco's partnership returns and Schedules K-1 for each of the years it was in existence, he was unable to testify as to his ownership interest in Westco or his distributive share of the partnership's profits and losses. Westco's Form 1065 for 1985 reflects a net ordinary loss of $3,252. The loss was allocated to the partners and reflected on the Schedules K-1 as follows:

| Partner | Status | Income(Loss) Assigned | Percent of Loss |
| --- | --- | --- | --- |
| Petitioner | GP | ($3,563) | 1.09 |
| Ham | GP | 311 | (.09) |

Citing Z-tron Computer Program v. Commissioner, supra, respondent maintains that the same share requirement is satisfied in that only one partnership item, the net loss or income, is reported on each of the Schedules K-1. Petitioners respond that two partnership items exist on each Schedule K-1; the net loss or income and the amounts in Line F (Reconciliation of partner's capital account), item (e) (losses not included in column (c), plus unallowable deductions). In Line F, item (e) of the Schedules K-1, petitioner was allocated a loss of $6,125 and Ham was allocated a loss of $3063. Petitioners argue that these allocations are disproportionate with respect to the allocations of the net loss or income.

As we explained, changes to a partner's capital account are in and of themselves immaterial to the determination of the same share requirement except to the extent an item is itself an item enumerated in section 301.6231(a)(1)-1T(a)(1), Temporary Proced. & Admin. Regs., supra. Because Westco's partnership return and the Schedules K-1 attached thereto do not reflect any of the items listed in the regulations other than net income and loss, which are allocated to the partners elsewhere on the Schedules K-1, we are unable to conclude that the amounts in Line F, item (e), are determinative items for purposes of the same share requirement.

In light of this conclusion, we need not address whether the amounts in item (e) reflect an allocation under section 704(c) or

rules similar to.  We note, however, that based on the record, if item (e) were found to represent a partnership item for purposes of the same share requirement, the allocations thereof on Westco's 1985 partnership return and attached Schedules K-1 would fall within the scope of section 704(c) or rules similar to and would not have affected the availability of the small partnership exception.[5]

Based on the foregoing, we conclude that Westco and Makalu are excepted from the partnership audit and litigation provisions of TEFRA for the taxable years at issue pursuant to the small partnership exception of section 6231(a)(1)(B), and, as a result, respondent was not required to issue FPAA's with respect to the partnerships within the statutory periods.  Accordingly, we deny petitioners' motions to dismiss for lack of jurisdiction.

During the hearing on this matter, petitioners orally requested that, in the event that respondent prevails and

---

[5]    The Schedules K-1 attached to Westco's 1985 return reflect the following reconciliation of the partners' capital accounts:

|  | Petitioner | Ham |
|---|---|---|
| (a) Capital account at beginning of year | $191,955 | $93,161 |
| (b) Capital contributions during year | 59,591 | -0- |
| (c) Ordinary income/loss | (3,563) | 311 |
| (d) Income not included in column (c) plus nontaxable income | -0- | -0- |
| (e) Loss not included in column (c) plus unallowable deductions | (6,125) | (3,063) |
| (f) Withdrawals and distributions | 241,858 | 90,409 |
| (g) Capital account at end of year | -0- | -0- |

petitioners' motions are denied, the issues be certified for an interlocutory appeal pursuant to section 7482(a)(2) and Rule 193.[6]  Petitioners did not file a written pleading detailing the grounds for this motion, nor did they address the matter in their posttrial briefs.  Because petitioners failed to satisfy the criteria outlined in section 7482(a)(2), and under the reasoning of <u>Eastern States Casualty Agency v. Commissioner</u>, T.C. Memo. 1991-559, we deny petitioners' oral request.

<u>An appropriate order</u>

<u>will be issued</u>.

---

[6]  This Court may certify an interlocutory order for an immediate appeal if we conclude that (1) a controlling question of law is involved, (2) with respect to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Sec. 7482(a)(2)(A); Rule 193.  If any one of the three requirements is not satisfied, the taxpayer's request for certification must be denied.  <u>Kovens v. Commissioner</u>, 91 T.C. 74, 77 (1988), affd. without published opinion 933 F.2d 1071 (11th Cir. 1991).