T.C. Memo. 1999-214

UNITED STATES TAX COURT

BHUPINDAR S. AND RAJINDER K. DHILLON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16971-98.                    Filed July 1, 1999.

R filed a motion to dismiss for lack of jurisdiction on the ground that Ps did not file their petition for redetermination within the time prescribed by sec. 6213(a), I.R.C.  Ps, 50-percent partners in E, contend that their petition was timely filed.  Ps argue that the extended time for filing a petition under sec. 6226(b)(1), I.R.C., of the partnership audit and litigation procedures, secs. 6221-6232, I.R.C., enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402(a), 96 Stat. 648 (TEFRA partnership procedures), governs the period for filing the petition because R's adjustments in the notice of deficiency relate to adjustments of flow-through partnership items of E.

<u>Held</u>:  E is a "small partnership" under sec. 6231(a)(1)(B)(i), I.R.C., and is therefore not a partnership covered by the TEFRA partnership procedures.  Thus, the extended period for filing a petition for redetermination under sec. 6226(b)(1), I.R.C., does not apply in this case.

Held, further, since Ps did not file their petition within the time prescribed by sec. 6213(a), I.R.C., R's motion to dismiss for lack of jurisdiction is granted.

Craig M. Hunt, for petitioners.

LaVonne D. Lawson, for respondent.

MEMORANDUM OPINION

NIMS, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioners did not file their petition within the time prescribed by section 6213(a). In reply to respondent's motion to dismiss, petitioners assert that the period for filing the petition under section 6213(a) is inapplicable. Instead, petitioners argue that their petition was timely filed pursuant to section 6226(b)(1). (Section references are to sections of the Internal Revenue Code in effect for the years in issue.)

Background

The relevant facts are not in dispute and may be summarized as follows. Petitioners resided in San Jose, California, when they filed their petition.

Petitioners were general partners in a partnership named B&R Dhillon Et Al Ptrs, d.b.a. Executive Inn (Executive Inn). Petitioners' Schedules K-1, Partner's Share of Income, Credits, Deductions, Etc., attached to their 1994 and 1995 Federal income

tax returns, indicate that they held an aggregate 50-percent interest in profits, losses, and capital of Executive Inn during the 1994 and 1995 taxable years. Kenneth and Rosemary Manrao were the other general partners and held the remaining 50-percent interest in profits, losses, and capital during the 1994 and 1995 taxable years. Executive Inn operated a motel in Campbell, California.

Petitioners filed their 1994 and 1995 Federal income tax returns on September 6 and October 30, 1996, respectively. On June 2, 1998, respondent mailed to petitioners a Form 4605, Examination Changes - Partnerships, Fiduciaries, Small Business Corporations, and Interest Charge Domestic International Sales Corporations, which proposed adjustments to Executive Inn's 1994, 1995, and 1996 taxable years. Respondent timely mailed the notice of deficiency for petitioners' 1994 and 1995 taxable years on July 17, 1998. Petitioners mailed their petition on October 16, 1998; the petition was filed on October 20, 1998.

## Discussion

Section 6213(a) provides that a petition must be filed within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed. In this case, respondent mailed the notice of deficiency on July 17, 1998. Ninety days after the mailing of the notice of deficiency was October 15, 1998. Petitioners

mailed their petition on October 16, 1998, and it was filed on October 20, 1998. The petition was, therefore, not timely filed if section 6213(a) applies.

Petitioners argue, however, that section 6213(a) is inapplicable in this case. According to petitioners, since respondent's determinations in the notice of deficiency arose from adjustments relating to their partnership interest in Executive Inn, the extended time for filing a petition under section 6226(b)(1) of the partnership audit and litigation procedures, secs. 6221-6233, enacted in 1982 as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648 (TEFRA partnership procedures), governs the time period for filing the petition.

Under the TEFRA partnership procedures, "the tax treatment of any partnership item shall be determined at the partnership level." Sec. 6221. "A partner's treatment of partnership items on the partner's return may not be changed except as provided in sections 6222 through 6231 of the Code and the regulations thereunder." Sec. 301.6221-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6779, 6781 (Mar. 5, 1987). The TEFRA partnership procedures were designed to "provide a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner." Harrell v. Commissioner, 91 T.C. 242, 243 (1988). "Congress decided that no longer would a

partner's tax liability be determined uniquely but 'the tax treatment of any partnership item [would] be determined at the partnership level.'" Maxwell v. Commissioner, 87 T.C. 783, 787 (1986) (citing section 6621).

Pursuant to section 6226(b)(1), any notice partner may file a petition "within 60 days after the close of the 90-day period set forth in subsection (a)". Subsection (a) of section 6226 states in pertinent part:

> (a) Petition by Tax Matters Partner.--Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with--
>
> (1) the Tax Court,

Section 6231(a)(8) defines a "notice partner" as a "partner who, at the time in question, would be entitled to notice under subsection (a) of section 6223 (determined without regard to subsections (b)(2) and (e)(1)(B) thereof)." Section 6223(a) provides:

> (a) Secretary Must Give Partners Notice of Beginning and Completion of Administrative Proceedings.--The Secretary shall mail to each partner whose name and address is furnished to the Secretary notice of--
>
> (1) the beginning of an administrative proceeding at the partnership level with respect to a partnership item, and
>
> (2) the final partnership administrative adjustment resulting from such proceeding.

> A partner shall not be entitled to any notice under this subsection unless the Secretary has received (at least 30 days before it is mailed to the tax matters partner) sufficient information to enable the Secretary to determine that such partner is entitled to such notice and to provide such notice to such partner.

Subsections (b)(2) and (e)(1)(B) of section 6223 involve special rules relating to partnerships with more than 100 partners and are not pertinent here. Since petitioners have furnished their names and address to the Secretary, petitioners fit within the definition of a "notice partner" if the TEFRA partnership procedures apply. See sec. 6231(a)(8).

Therefore, if the TEFRA partnership procedures apply, then petitioners would have no less than 90 days after respondent mails the notice of final partnership administrative adjustment (FPAA) to file their petition.

Respondent argues that the TEFRA partnership procedures do not cover Executive Inn because Executive Inn falls within the "small partnership" exception. See sec. 6231(a)(1)(B). A small partnership is excepted from these procedures, provided that--

> (I)  such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and

> (II) each partner's share of each partnership item is the same as his share of every other item.

For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner. [Sec. 6231(a)(1)(B)(i).[1]]

Congress enacted the small partnership exception in TEFRA to ensure that only "simple" partnerships would be excepted. See McKnight v. Commissioner, 99 T.C. 180, 185 (1992), affd. 7 F.3d 447 (5th Cir. 1993); Tax Compliance Act of 1982 and Related Legislation: Hearings on H.R. 6300 Before the House Committee on Ways and Means, 97th Cong., 2d Sess. 259-261 (1982). These simple partnerships were described in the aforesaid legislative history as partnerships whose members "treat themselves as co-ownerships rather than partnerships, and each co-owner resolves his own tax responsibilities separately as an individual with the IRS."

A small partnership may elect to have the TEFRA partnership procedures apply. See sec. 6231(a)(1)(B)(ii). If made, the election will apply for the taxable year of election and all subsequent taxable years unless revoked with the consent of the Secretary. See McKnight v. Commissioner, supra at 185.

In this case, under section 6231(a)(1)(B)(i), Executive Inn is deemed to have had only two partners--petitioners as husband

---

[1]The above version of the statute applies to the tax years 1994 and 1995 involved here. The Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1234(a), 111 Stat. 788, 1024, amended sec. 6231(a)(1)(B)(i), effective for partnership tax years ending after Aug. 5, 1997.

and wife, and Kenneth and Rosemary Manrao as husband and wife-- thereby meeting the first requirement of the small partnership exception. See sec. 6231(a)(1)(B)(i)(I). Furthermore, there is no indication that Executive Inn filed an election under section 6231(a)(1)(B)(ii) to be treated as a partnership for purposes of the TEFRA partnership procedures. In fact, Executive Inn indicated on Schedule B of its Form 1065, U.S. Partnership Return of Income, line 4, for the 1994 and 1995 taxable years that it was not subject to the consolidated audit procedures of sections 6221 through 6233.

The remaining question, therefore, is whether the second requirement that each partner's share of each partnership item was the same as his share of every other item has been satisfied. See sec. 6231(a)(1)(B)(i)(II). Section 301.6231(a)(1)-1T(a)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987), provides in pertinent part:

> (3) "Same share." The requirement of section 6231(a)(1)(B)(i)(II) is satisfied for a taxable year if during all periods within that taxable year each partner's share of each of the partnership items specified in § 301.6231(a)(3)-1(a)(1)(i) through (iv) is the same as that partner's share of each of the other partnership items specified in that section during that period (even though the partner's share of all such specified partnership items changes from period to period within that taxable year) * * *

The partnership items referred to in these regulations are:

(i)  Items of income, gain, loss, deduction, or credit of the partnership;

(ii)  Expenditures by the partnership not deductible in computing its taxable income (for example, charitable contributions);

(iii)  Items of the partnership which may be tax preference items under section 57(a) for any partner;

(iv)  Income of the partnership exempt from tax. [Sec. 301.6231(a)(3)-1(a)(1), Proced. & Admin. Regs.]

The "same share" requirement is determined annually, see sec. 301.6231(a)(1)-1T(a)(4), Temporary Proced. & Admin. Regs., 52 Fed. Reg. at 6789, "by examining the partnership return and the corresponding Schedules K-1, and any amendments thereto received prior to" the commencement date of respondent's audit of the partnership.  Harrell v. Commissioner, 91 T.C. at 246; see also Z-Tron Computer Research & Dev. Program v. Commissioner, 91 T.C. 258, 262 (1988).  As previously noted, petitioners' Schedules K-1 reflect that they had a 50-percent interest in partnership profits, losses, and capital for the 1994 and 1995 taxable years. Executive Inn's Forms 1065, for the 1994 and 1995 taxable years reflect partnership ordinary income of $48,773 and $124,282, respectively.  The only partnership item listed on petitioners' Schedules K-1 for the 1994 and 1995 taxable years is ordinary income from trade or business activities.  There is no indication that petitioners had filed amendments to these forms prior to commencement of the partnership audit.  In accordance with their

50-percent interest in partnership profits, losses, and capital, petitioners' distributive share of Executive Inn's ordinary income was 50 percent for both 1994 and 1995, $24,387 ($24,386.50 rounded to the nearest dollar) and $62,141, respectively. Executive Inn has therefore satisfied the "same share" requirement of section 6231(a)(1)(B)(i)(II).

Based on the foregoing, we hold that Executive Inn falls within the small partnership exception under section 6231(a)(1)(B)(i), and is therefore not covered by the TEFRA partnership procedures. Accordingly, the extended time period for filing a petition for redetermination under section 6226(b)(1) of the TEFRA partnership procedures does not apply in this case.

Petitioners argue that Congress could not have intended that the small partnership exception would apply under these circumstances. According to petitioners, respondent is abusing the small partnership exception by using it as an excuse to abandon a complex "partnership level examination and then to issue a deficiency notice at the partner level (i.e., effectively limiting challenge to the 'modifications' of partnership income)". We disagree. Section 6231(a)(1)(B) simply codifies Congress' intent to exempt simple partnerships, like Executive Inn, from the TEFRA partnership procedures. See McKnight v. Commissioner, 99 T.C. at 185; H. Conf. Rept. 97-760 (1982), 1982-

2 C.B. 667.  As noted above, partners in simple partnerships, like petitioners, resolve their "own tax responsibilities separately as [individuals] with the IRS", McKnight v. Commissioner, 99 T.C. at 185; see Tax Compliance Act of 1982 and Related Legislation: Hearings on H.R. 6300 Before the House Committee on Ways and Means, 97th Cong., 2d Sess. 260 (1982) (Statement of John S. Nolan, Chairman, Section of Taxation, American Bar Association).

Furthermore, petitioners had the right, which they have attempted to exercise in this case, to challenge respondent's determinations resulting from modifications to partnership income by filing a petition for redetermination within 90 days of the mailing of the notice of deficiency.  See sec. 6213(a). Petitioners have only themselves to blame for the fact that we lack jurisdiction over this matter because of their untimely filing.

Petitioners further argue that the provisions of subchapter K (sections 701 through 761) and the definitions set forth in section 7701(a)(2) (defining the terms "Partnership and Partner") and (14) (defining the term "Taxpayer") somehow mandate the application of the TEFRA partnership procedures in this case.  As noted above, the TEFRA partnership procedures "provide a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner".  Harrell v.

<u>Commissioner</u>, 91 T.C. at 243.  The provisions of subchapter K, which dictate the substantive determination of a partner's tax liability, do not in any way affect these procedures.

Furthermore, the definitions set forth in section 7701(a) apply only "where not otherwise distinctly expressed or manifestly incompatible with the intent thereof--".  In this case, the term "partnership" has been specifically defined for purposes of the TEFRA partnership procedures in section 6231(a)(1).  Therefore, petitioners' reliance on section 7701(a)(2) and (14) is misplaced.

Petitioners' remaining arguments are either meritless or are mooted by our holding that the TEFRA partnership procedures do not apply.

Since petitioners filed their petition more than 90 days after the mailing of the deficiency notice, respondent's motion to dismiss for lack of jurisdiction will be granted.

To reflect the foregoing,

<u>An appropriate order of</u>

<u>dismissal will be entered</u>.