United States Court of Appeals,

Fifth Circuit.

No. 92–4131.

Richard A. GRIGG and Mary G. Grigg, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

Dec. 21, 1992.

Appeal from the Decision of the United States Tax Court.

Before KING, JOHNSON, and DUHÉ, Circuit Judges.

JOHNSON, Circuit Judge:

This case calls on the Court to construe the hotel exception of section 280A of the U.S. Internal Revenue Code.[1] The district court construed the exception such that the Griggs could not take advantage of it, holding that they were not entitled to claim certain deductions for their South Padre Island Condominium. The Griggs have appealed that decision. We affirm.

I. Facts and Procedural History

In 1983, Richard Grigg and Gary Stephens purchased a condominium unit in The Sunchase Beachfront Condominiums complex located in South Padre Island, a resort area in Texas. In November 1984, Grigg bought out Stephens' interest in the unit. Although Grigg and his family used this condominium unit for personal enjoyment without paying rent, Grigg testified that he bought the unit to make money by renting it to vacationers in South Padre Island, as well as through its appreciation in value.[2] However, Grigg never made a profit in the years in issue, 1985–1987. Nonetheless, he and/or members of his family used the unit more than 14 days and more than ten

---

[1] Unless otherwise stated, the statutory provisions discussed are found in title 26 of the United States Code.

[2] Grigg purchased supplies such as a television, kitchen appliances, and a barbecue pit to make the unit more attractive for rental purposes. He, as did the owners of other Sunchase condominium units, had an arrangement with Sunchase whereby Sunchase would rent the property for Grigg and would send Grigg a monthly report in exchange for Grigg's payment for a proportionate share of the management and maintenance costs.

percent of the days which the unit was rented for each of those years.

Claiming the hotel exception of section 280A, Grigg declared losses on the unit in the amount of $38,599.39 for 1985, $27,929.52 for 1986, and $25,084.40 for 1987. Asserting that the Internal Revenue Code did not allow all of these deductions, the Internal Revenue Service ("Commissioner") sent Grigg notices of tax deficiencies in 1989 for deficiencies of $13,151 for 1985, $12,020 for 1986, and $7,983 for 1987. The Commissioner also assessed penalties against the Griggs for the 1986 and 1987 tax years for substantially understating their income. Grigg challenged the Commissioner's decision in tax court, and that court determined that the Commissioner had correctly asserted a deficiency and had properly assessed the penalty.[3] Grigg now appeals, arguing that the tax court incorrectly construed the hotel exception of section 280A of the Internal Revenue Code. We believe that the court reached the correct result and therefore affirm.

## II. Discussion

### A. Standard of Review

Although courts usually show great deference to administrative bodies which have construed statutes, this Court reviews U.S. Tax Court decisions in the same manner that it reviews civil actions decided by a district court. *McIngvale v. Comm'r of Internal Revenue,* 936 F.2d 833, 836 (5th Cir.1991); *Dresser Industries, Inc. v. Comm'r of Internal Revenue,* 911 F.2d 1128, 1132 (5th Cir.1990). The Court reviews findings of fact for clear error and conclusions of law *de novo. McIngvale,* 936 F.2d at 836. The construction of a statute is a question of law which the Court reviews *de novo.*

### B. Construction of 26 U.S.C. § 280A

The provision in question reads:

(a) General rule.—Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an S corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence....

(d) Use as residence.—

---

[3]Grigg has not complained of the penalty; therefore, the propriety of that assessment is not an issue before this Court.

(1) In general.—For purposes of this section, a taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds the greater of—

(A) 14 days, or

(B) 10 percent of the number of days during such year for which such unit is rented at a fair rental.

For purposes of subparagraph (B), a unit shall not be treated as rented at a fair rental for any day for which it is used for personal purposes....

(f) Definitions and special rules.—

(1) Dwelling unit defined.—For purposes of this section—

(A) In general.—The term "dwelling unit" includes a house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit.

(B) Exception.—The term "dwelling unit" does not include that portion of a unit which is used exclusively as a hotel, motel, inn, or similar establishment....

26 U.S.C. § 280A. Section 280A is in the "Items Not Deductible" part of the Internal Revenue Code. This section describes losses and costs which taxpayers are not allowed to deduct in computing taxable income. 26 U.S.C. §§ 261–280H. Although taxpayers are allowed to deduct ordinary and necessary expenses "for the management, conservation, or maintenance of property held for the production of income," 26 U.S.C. § 212, Congress decided that those same deductions should not be fully available for vacation property, except in the limited circumstances set out in section 280A. Thus, the deductions of a taxpayer who uses his property more than fourteen days and more than ten percent of the number of days that the property was rented at fair value are subject to the deduction limitations outlined in section 280A. When a taxpayer does not use his property as a residence for more than the greater of the fourteen days and ten percent of the number of days that the property was rented at fair value, his deductions are generally not subject to the restrictions in section 280A,[4] and he may then deduct the ordinary and necessary expenses incurred or expended allowed in section 212.

In construing the relevant provisions of section 280A, the tax court, though calling the

---

[4]*But see* 26 U.S.C. § 280A(g) (1988).

property in issue a condominium unit, focused on the term "exclusively" within the hotel exception found in section 280A(f)(1)(B).  The court gave that term its ordinary and common meaning and construed the exception as prohibiting the applicable deductions if the hotel were not used solely for commercial, rather than personal, purposes.  Thus, the court determined, "[a]ny rent-free personal use of a unit during a taxable year precludes a conclusion that a unit was used exclusively as a hotel, motel, inn, or other similar establishment."  Grigg correctly argues that such a construction of the statute is more narrow than and effectively negates the hotel exception.

Grigg asks the Court to construe the hotel exception to hold that when a unit is a hotel, no limits to personal use exist whatever, so that regardless of how much the property is used personally, as long as it has the characteristics of a hotel, the owner/taxpayer can deduct the same expenses which a landlord can deduct for his rental property.  This argument is without merit.  The Commissioner correctly asserts that Grigg fails to give meaning to the entire hotel exception provision.  The applicable definition reads that the term "dwelling unit" does not include that *portion* of a hotel which is used exclusively as a hotel.  Thus, no part of that *portion* is subject to the restrictions in section 280A.  The taxpayer may therefore deduct taxes for the entire portion of the hotel which is used solely for commercial purposes.  The portion of the hotel which is used for personal use obviously does not fit the exception and therefore *is* a dwelling unit, subject to the provisions in section 280A.

Thus, for example, if 98 units of a 100 unit hotel are used exclusively as a hotel and 2 units are used for personal reasons, the deductible expenses for the 98 units are excepted from section 280A and cannot be limited thereby since that portion of the hotel meets the requirements of the hotel exception.[5]  The other two units are dwelling units since the owner has not used them exclusively as a hotel.  They are therefore subject to the limitations of section 280A(d). If these two units are each rented at a fair rental for 150 days of the tax year, and the taxpayer uses one unit for personal use 14 days and uses the other unit for personal use 17 days, the taxpayer has *not* used the first unit as a

---

[5]Under the tax court's construction, the hotel would not qualify for the hotel exception at all since each and every room of the hotel was not used wholly and exclusively as a hotel.

residence because he has not used it more than the greater of 14 days and 10 percent of the number of days he rented it at a fair rental. The taxpayer *has* used the second unit as a residence, since he has used it for personal use more than 14 days and more than 10 percent of the days he rented it at a fair rental. Thus, the first unit does not qualify as a residence and is not subject to the deduction limitations in section 280A. However, the second unit *is* a residence and must comply with those limitations.

In this case, no portion of Grigg's unit was used exclusively as a hotel, so it necessarily becomes a dwelling unit, subject to the provisions in section 280A(d). Grigg does not dispute that the personal use of the condominium unit exceeded the greater of 14 days and 10 percent of the days the unit was rented in each of the tax years in issue. Section 280A therefore limited the amount of deductions Grigg could claim for the unit, and he is therefore liable for the tax deficiencies which the Commissioner asserts against him.

## III. Conclusion

The judgment of the tax court is therefore affirmed.