United States Court of Appeals,

Fifth Circuit.

No. 92-5150.

Sam A. McKNIGHT and Ann V. McKnight, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nov. 22, 1993.

Appeal from a Decision of the United States Tax Court

Before KING and JOLLY, Circuit Judges and PARKER,[*] District Judge.

KING, Circuit Judge:

Sam A. McKnight and Ann V. McKnight appeal the decision of the United States Tax Court upholding its jurisdiction over the deficiency determination with respect to which the Commissioner did not use unified partnership-level audit procedures. Because we agree with the tax court that the taxpayers' partnership qualified for the small partnership exemption to the unified procedures under I.R.C. § 6231(a)(1)(B), we affirm.

## I. PROCEDURAL BACKGROUND

The McKnights filed a petition in the United States Tax Court seeking redetermination of a deficiency for $55,906 in income tax for 1983. The Commissioner's determination of a deficiency had been based, in part, on the disallowance of the McKnights' distributive share of loss from their investment in MLSL Partnership (MLSL).

Almost four years after they had filed their petition, the McKnights filed a motion to dismiss, arguing that the tax court lacked jurisdiction to redetermine any deficiency. They contended that MLSL was not subject to the exemption for small partnerships under I.R.C. § 6231(a)(1)(B). Although losses and self-employment expense were allocated to the partners using the same loss sharing percentage, this percentage was not the same as the partners' shares of capital, liabilities, or cash distributions. Thus, contended the McKnights, their partnership did not meet the "same share"

_____

[*]Chief Judge of the Eastern District of Texas, sitting by designation.

prerequisite of I.R.C. § 6231(a)(1)(B)(i)(II) for the small partnership exception to unified partnership-level audit proceedings. They therefore maintained that provisions of the Tax Equity and Fiscal Responsibility Act (TEFRA) required the Commissioner to make a determination of adjustments to MLSL items at the *partnership* level, not the individual partner level. They also contended that because the small-partnership exemption was inapplicable in their case, TEFRA partnership audit and litigation provisions required that the Commissioner issue a final partnership administrative adjustment (FPAA) before the tax court could exercise jurisdiction over the Commissioner's determination of a tax deficiency at the partnership level. *See* I.R.C. §§ 6223(a)(2), 6225. They therefore asserted that because the Commissioner had failed to follow TEFRA provisions, i.e., he had failed to issue an FPAA, the tax court was without jurisdiction to redetermine any portion of a deficiency attributable to "partnership items." *See Frazell v. Commissioner,* 88 T.C. 1405, 1987 WL 49334 (1987); *Maxwell v. Commissioner,* 87 T.C. 783, 1986 WL 22033 (1986).

The tax court denied the McKnights' motion in a memorandum opinion. To determine its own jurisdiction, the tax court necessarily had to decide whether MLSL satisfied the requirements of the small-partnership exemption and thus whether the Commissioner was required to issue an FPAA as a condition precedent to the tax court's jurisdiction. In reaching the conclusion that it had jurisdiction, the tax court initially acknowledged that MLSL satisfied the first requirement for being considered a small partnership because MLSL had fewer than ten partners. *See* I.R.C. § 6231(a)(1)(B)(I). The tax court then decided that MLSL satisfied the second requirement, the same-share requirement, *see* I.R.C. § 6231(a)(1)(B)(II), because pursuant to Temp.Treas.Reg. § 301.6231(a)(1)-1T(a)(3) each MLSL partner's share of the partnership items specified in Treas.Reg. § 301.6231(a)(3)-1(a)(i) through (iv) was the same as that partner's share of each of the other partnership items specified in that section during the taxable year.

In deciding that MLSL satisfied this second requirement, the tax court relied on the decision in *Harrell v. Commissioner,* 91 T.C. 242, 246, 1988 WL 84267 (1988), and explained that the determination of whether MLSL satisfied the same-share requirement was correctly made by the Commissioner as of the date of the commencement of the partnership audit, but not necessarily on

that date, by examining the partnership's tax return and corresponding Schedules K-1. The tax court acknowledged that MLSL had reported only two items on its tax return—ordinary loss of $233,787 from African-American Enterprises and net loss of $255 from self-employment—and that these losses had been proportioned according to the loss-sharing distribution as set forth in the McKnights' Schedule K-1. That is, the McKnights were allocated 45 percent of both of these items. Furthermore, the percentages of both of these items allocated to the other partners were J. Lyndon McKnight, 45 percent; Marguerite McKnight, 10 percent; and Lea U. McKnight, nothing. The court then concluded that MLSL satisfied the same-share requirement of the small-partnership exemption because each partner's share of each of the partnership items reported for the 1983 tax year was the same as his share of every other item available for distribution during the same year. Having thus decided that MLSL satisfied both requirements of the small-partnership exemption, the tax court determined that it had jurisdiction to review the Commissioner's deficiency determination.

The McKnights then filed motions to vacate and to reconsider, alleging that they had been denied due process because they had not been afforded an opportunity to respond to issues raised by the Commissioner in his response to their motion to dismiss. They further alleged either that the tax court and the Commissioner had misinterpreted Temp.Treas.Reg. § 301.6231(a)(1)-1T(a)(3) or that if such an interpretation were correct, the regulation itself was invalid because it conflicted with Congress' intent in enacting the small-partnership exemption in I.R.C. § 6231(a)(1)(B). The tax court denied these motions, concluding that the regulation in question was valid inasmuch as it coincided with the plain language, origin, and purpose of I.R.C. § 6231(a)(1)(B), and issued a judgment for tax deficiency. This appeal followed.

## II. STANDARD OF REVIEW

We review tax court decisions in the same manner as we review decisions of a district court. *Grigg v. Commissioner,* 979 F.2d 383, 384 (5th Cir.1992); *McIngvale v. Commissioner,* 936 F.2d 833, 836 (5th Cir.1991). Thus, we review questions of law, including jurisdictional questions, *de novo* and findings of fact under the clearly erroneous standard. *See Grigg,* 979 F.2d 383; *Estate of Clayton v. Commissioner,* 976 F.2d 1486, 1490 (5th Cir.1992). The construction of a statute or the

determination of the validity of an administrative regulation is a question of law. *See Dresser Industries, Inc. v. Commissioner,* 911 F.2d 1128, 1132-41 (5th Cir.1990).

## III. ANALYSIS

The McKnights contend that the tax court was without jurisdiction to review the Commissioner's deficiency determination. They argue that the tax court misinterpreted Temp.Treas.Reg. § 301.6231(a)(1)-1T(a)(3) and that the court therefore erred in determining that MLSL came under the small-partnership exemption of I.R.C. § 6231(a)(1)(B). The McKnights argue further that if the tax court's interpretation is correct, the regulation itself is invalid. They point out that this regulation provides that only items specified in Treas.Reg. § 301.6231(a)(3)-1(a)(1)(i) through (iv) can be considered in determining whether the same-share requirement of I.R.C. § 6231(a)(1)(B)(i)(II) is satisfied and thus whether a partnership is within the statute's small-partnership exemption. They assert that Congress intended for *all* partnership items listed in Treas.Reg. § 301.6231(a)(3)-1(a)(1) to be considered in determining whether the same-share requirement has been satisfied. They accordingly maintain that the interpretation of Temp.Treas.Reg. § 301.6231(a)(1)-1T(a)(3) on which the Commissioner and the tax court relied unreasonably narrows the scope of the small-partnership exemption.

In reviewing the tax court's exercise of jurisdiction over the Commissioner's deficiency determination, we must assess whether the tax court correctly decided that MLSL satisfied the small-partnership exemption requirements. In making that assessment, however, we must first address the validity of Temp.Treas.Reg. § 301.6231(a)(1)-1T(a)(3), the basis upon which the tax court determined that MLSL satisfied those requirements.

A. *Appellate Review of Treasury Regulations*

When reviewing a treasury regulation, the weight which we must accord such regulation depends upon the source of authority under which the regulation was promulgated. *Dresser,* 911 F.2d at 1137; *see United States v. Vogel Fertilizer Co.,* 455 U.S. 16, 24, 102 S.Ct. 821, 827, 70 L.Ed.2d 792 (1982). We must accord legislative regulations, those which are "issued under a specific grant of authority to ... prescribe a method of executing a statutory provision," more weight than

interpretive regulations, those which are promulgated under a more general authority. *Chevron, U.S.A., Inc. v. Natural Resource Defense Council, Inc.,* 467 U.S. 837, 843-44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *Dresser,* 911 F.2d at 1137. Thus, legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the underlying statute. *Chevron,* 467 U.S. at 843-44, 104 S.Ct. at 2782; *Batterton v. Francis,* 432 U.S. 416, 424-26, 97 S.Ct. 2399, 2405-06, 53 L.Ed.2d 448 (1977); *Dresser,* 911 F.2d at 1137. Interpretive regulations are upheld if they "harmonize ... with the plain language of the statute, its origin, and its purpose." *Rowan Cos. v. United States,* 452 U.S. 247, 253, 101 S.Ct. 2288, 2292, 68 L.Ed.2d 814 (1981); *Dresser,* 911 F.2d at 1137-38.

An interpretive regulation may have particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of congressional intent. *See National Muffler Dealers Ass'n, Inc.,* 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979). Such a regulation is reviewed not to circumscribe the Secretary of the Treasury's rule-making power, but to ensure that the regulation does not create an interpretation contrary to Congress' purposes in enacting the statute. *See id.* at 488, 99 S.Ct. at 1312. Thus, an interpretive treasury regulation is valid if it harmonizes with the plain language of the statute and the statute's origin and purpose. *See Vogel,* 455 U.S. at 25-26, 102 S.Ct. at 827-28; *Dresser,* 911 F.2d at 1137-38.

Although the tax court determined that Temp.Treas.Reg. § 301.6231(a)(1)-1T was interpretive, a question has arisen on appeal as to whether this regulation should instead be categorized as legislative. We need not resolve this issue, however, for even if we assume *arguendo* that the tax court's categorization of this regulation as interpretive is correct and that the regulation is thus accorded less judicial deference than a legislative regulation, the tax court appropriately upheld the regulation because the regulation harmonizes with the plain language, the origin, and the purpose of TEFRA's small-partnership exemption.

B. *TEFRA's Small-partnership Exemption and Related Treasury Regulations*

Sections 6221 through 6232 of the Internal Revenue Code, which set forth an elaborate scheme for auditing partnership returns, were enacted as part of TEFRA in September 1982.

Congress enacted TEFRA in response to "mushrooming administrative problems experienced by the IRS in auditing returns of partnerships, particularly tax shelter partnerships with numerous partners." BORIS I. BITTKER & LAWRENCE LOKKEN, FEDERAL TAXATION OF INCOME, ESTATES AND GIFTS ¶ 112.3.1, at 112-68 (2d ed. 1992). An exception to the auditing procedures mandated by TEFRA was provided in I.R.C. § 6231(a)(1)(B) for partnerships which met the statutory requirements therein for "small" partnerships. These requirements, including that known as the "same share rule," were implemented to ensure that only "simple" partnerships[1] would be excepted. *See Tax Compliance Act of 1982 and Related Legislation: Hearings on H.R. 6300 Before the House Committee on Ways and Means,* 97th Cong., 2d Sess. 259-61 (1982). The same share rule requires that each partner's share of each "partnership item" be the same as his share of every other item. *See* I.R.C. § 6231(a)(1)(B)(II).

Although Congress aptly described what "partnership item" generally means, *see* I.R.C. § 6231(a)(3), it did not disclose which *specific* partnership items were to be used in determining whether the requirements of the same share rule had been satisfied in a given case. Subsection (a)(3) of I.R.C. § 6231 merely provides that

> [t]he term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A *to the extent* regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level (emphasis added).

Although this section itself does not specifically delegate to the Secretary of the Treasury the authority to prescribe the regulations referenced therein, Congress generally delegated such authority to the Secretary in I.R.C. § 6230(k), which provides that the Secretary shall "prescribe such regulations as may be necessary to carry out the purposes" of TEFRA.[2] *See* I.R.C. § 6230(k).

---

[1]These "simple" partnerships were described as those whose partners treated the partnership as a "co-ownership" in which each "co-owner" would resolve his tax responsibilities with the IRS separately as an individual. *Tax Compliance Act of 1982 and Related Legislation: Hearings on H.R. 6300 Before the House Committee on Ways and Means,* 97th Cong., 2d Sess. 260 (1982).

[2]Section 6230(k), along with the general rule-making authority given to the Secretary pursuant to I.R.C. § 7805, which generally authorizes him to issue rules and regulations interpreting the Internal Revenue Code, was cited as the issuing authority in the Treasury Decision promulgating Temp.Treas.Reg. § 301.6231(a)(1)-1T. *See* T.D. 8128, 1987-1 C.B. 325, 325-26.

In January 1983, and hence substantially contemporaneously with TEFRA's enactment, the Secretary issued proposed regulations outlining what items were more appropriately determined at the partnership level than at the partner level and, thus, were partnership items for purposes of I.R.C. § 6231(a)(3). *See* 48 Fed.Reg. 1759 (Jan. 14, 1983). Thereafter, the Secretary issued the treasury regulations of concern in this case, i.e., Temp.Treas.Reg. § 301.6231(a)(1)-1T and Treas.Reg. § 301.6231(a)(3)-1, which dealt with the small-partnership exemption and items which could be considered "partnership items" in determining whether that exemption was applicable. *See* 52 Fed.Reg. 6789 (March 5, 1987) & 51 Fed.Reg. 13,231 (April 18, 1986). Subsection (a)(3) of Temp.Treas.Reg. § 301.6231(a)(1)-1T provides that

> [t]he requirement of section 6231(a)(1)(B)(i)(II) [the same share rule] is satisfied for a taxable year if during all periods within that taxable year each partner's share of each of the partnership items *specified in § 301.6231(a)(3)-1(a)(1)(i) through (iv)* is the same as that partner's share of each of the other partnership items *specified in that section* during that period (even though the partner's share of all such specified partnership items changes from period to period within that taxable year) (emphasis added).[3]

The McKnights would interpret the "that section" language in the above temporary regulation to require a comparison of the items delineated in Treas.Reg. § 301.6231(a)(3)-1(a)(1)(i)-(iv), i.e., their loss allocations, with the items delineated in other portions of Treas.Reg. § 301.6231(a)(3)-1(a), i.e., their shares of partnership capital, liabilities, and cash distributions. Because MLSL's partners shared losses 45%-45%-10%-07 even though their capital accounts were 33%-33%-16.7%-16.77, respectively, the McKnights argue that MLSL violates the same share rule. The McKnights further argue that to interpret the above temporary regulation as limiting the comparison to items only listed in Treas.Reg. § 301.6231(a)(3)-1(a)(1)(i)-(iv) would violate I.R.C. § 6231(a)(3), which defines

---

[3]The partnership items specified in Treas.Reg. § 301.6231(a)(3)-1(a)(1) are

> (i) Items of income, gain, loss, deduction, or credit of the partnership;

> (ii) Expenditures by the partnership not deductible in computing its taxable income (for example, charitable contributions);

> (iii) Items of the partnership which may be tax preference items under section 57(a) for any partner;

> (iv) Income of the partnership exempt from tax[.]

partnership items as all those items which the regulations, i.e., Treas.Reg. § 301.6231(a)(3)-1, provide should be determined at the partnership level.

After reading the provisions of Temp.Treas.Reg. § 301.6231(a)(1)-1T together with I.R.C. § 6231—particularly subsections (a)(3), in which Congress did not specifically delineate which partnership items were to be considered for the same share rule, and (a)(1)(B)(II), the same share rule itself, we find unpersuasive the McKnights' argument that the regulation is in direct conflict with statutory provisions. Additionally, we do not find this regulation incompatible with Treas.Reg. § 301.6231(a)(3)-1. The former is used to exempt small partnerships from partnership-auditing procedures, and as such requires a limited and narrowly focused definition of partnership items in order to avoid unnecessarily disqualifying small partnerships from TEFRA auditing procedures. In comparison, the latter determines the tax treatment of partnership items at the partnership level, and as such requires a broader and more inclusive definition of those items. It therefore includes other "partnership items" than those to be used in determining whether the small-partnership exemption applies.

Furthermore, the conference committee report on TEFRA provisions states that under the legislation, "the tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners." H.R.CONF.REP. No. 97-760, 97th Cong., 2d Sess. 600 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1190, 1372. This reference suggests that Congress intended the term "partnership items" to include at a minimum items of income, loss, deductions, and credits. A partner's share of *all of those items* mentioned in the committee report are indeed required to be compared under Temp.Treas.Reg. § 301.6231(a)(1)-1T(a)(3), the regulation at issue in this case.

In light of the above discussion, we agree with the tax court's conclusion that Temp.Treas.Reg. § 301.6231(a)(1)-1T does not directly conflict with either the origin or purpose of TEFRA in general or the small-partnership exemption specifically. As the tax court pointed out in *Harrell,* 91 T.C. at 247, what is needed to determine whether unified or separate audit procedures should be followed is a quick check of the face of the partnership tax return and the Schedules K-1.

Limiting the comparison to the items listed in Treas.Reg. § 301.6231(a)(3)-1(a)(1)(i)-(iv) serves that purpose and prevents taxpayers from availing themselves of the protection of the statute of limitations by making post-hoc challenges to the type of audit procedure used.

The tax court was thus correct in determining that MLSL was exempt from TEFRA's litigation and auditing procedures because it satisfied the requirements of the small-partnership exemption. Accordingly, the Commissioner was not required to issue an FPAA to MLSL, and the tax court had jurisdiction to review the deficiency determination.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the tax court had jurisdiction to review the deficiency determination issued by the Commissioner and that the court was correct in upholding this determination pursuant to Temp.Treas.Reg. § 301.6231(a)(1)-1T. We AFFIRM the judgment of the tax court.