T.C. Memo. 2006-33


UNITED STATES TAX COURT


CHARLES E. AND SANDRA A. ANDERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13228-04.                Filed February 27, 2006.


        <u>Held</u>:  Because petitioners use a portion of their bed
and breakfast inn as their personal residence, the general
disallowance rule of sec. 280A(a), I.R.C., and the
exclusive-use limitation of sec. 280A(f)(1)(B), I.R.C., are
applicable, and expenses relating to the portion of the inn
that is used for both business and personal purposes (i.e.,
dual-use portion) are not allowable.


<u>Mark S. Miller</u>, for petitioners.

<u>Jeremy L. McPherson</u> and <u>Daniel J. Parent</u>, for respondent.



MEMORANDUM OPINION

        SWIFT, <u>Judge</u>:  Respondent determined a $1,434 deficiency in

petitioners' 2000 joint Federal income tax.

The issue for decision is whether petitioners' bed and breakfast inn is to be treated as a dwelling unit subject to the general disallowance rule of section 280A(a) and to the exclusive-use limitation of section 280A(f)(1)(B). If so, none of the expenses relating to the portion of petitioners' bed and breakfast inn that is used for both business and personal purposes are allowable.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The facts of this case have been fully stipulated by the parties under Rule 122 and are so found.

At the time the petition was filed, petitioners resided in Sutter Creek, California.

In April of 2000, petitioners purchased a bed and breakfast inn located in Sutter Creek (the Inn). From the time of its purchase, petitioners and petitioner Sandra Anderson's parents have used a portion of the Inn as their personal residence, and, after making repairs and improvements, petitioners continued operating the Inn as a bed and breakfast under the name of "Eureka Street Inn".

From the appropriate government agencies, petitioners obtained the permits, licenses, and certifications required to operate the Inn as a bed and breakfast. Petitioners also obtained membership in a local bed and breakfast trade association and in the local chamber of commerce.

In 2000, petitioners' Inn had 289 separate room rentals from which petitioners received rental income of $26,476.

Petitioners' Inn has 5,664 square feet of useable floor space and consists of three floors -- a main floor, an upstairs floor, and a basement.

Main Floor

The main floor of petitioners' Inn consists of a living room, a dining room, two bedrooms, two bathrooms, a sewing room, a lobby, a registration area, an office, a kitchen, a laundry room, and stairs leading to the upstairs floor.

Petitioners and petitioner Sandra Anderson's parents exclusively use the two bedrooms, the two bathrooms, and the sewing room for personal purposes.

The living room and the dining room are used exclusively by paying guests of the bed and breakfast, and the stairs are used exclusively in operating the bed and breakfast.

The balance of the main floor (lobby, registration area, office, kitchen, and laundry room) is used both for business in operating the bed and breakfast and by petitioners for personal

purposes. Hereinafter, we refer to the portion of the Inn on the main floor that is used for both business and personal purposes as the "dual-use" portion.

The parties have stipulated that during 2000 the dual-use portion of the Inn was used 75 percent of the time for business purposes and 25 percent of the time for personal purposes.

Upstairs Floor

The upstairs floor of the Inn consists of four guest suites with private bathrooms, each of which is used exclusively by paying guests of the bed and breakfast.

Basement

Except for a small space in the corner, the large basement room of the Inn is used exclusively for business purposes relating to the bed and breakfast.

Tax Return

As set forth below, the parties have stipulated that, of the Inn's total 5,664 square feet, 4,363 square feet were used exclusively in the business of operating the bed and breakfast, 695 square feet were used exclusively for petitioners' personal purposes, and 606 square feet were used for both business and personal purposes:

| | Total | Exclusively Business | | Exclusively Personal | | Dual-Use | |
|---|---|---|---|---|---|---|---|
| | Square Feet | Square Feet | Percent of Total | Square Feet | Percent of Total | Square Feet | Percent of Total |
| Main floor | 2,058 | 829 | 15 | 623 | 11 | 606 | 11 |
| Upstairs floor | 1,548 | 1,548 | 27 | 0 | 0 | 0 | 0 |
| Basement | 2,058 | 1,986 | 35 | 72 | 1 | 0 | 0 |
| Total | 5,664 | 4,363 | 77 | 695 | 12 | 606 | 11 |

In the preparation of petitioners' 2000 Federal income tax return and in calculating the depreciation and interest deductions relating to the business of the bed and breakfast, to the total 606 square feet dual-use portion of the Inn petitioners applied the 75 percentage of the time that such portion of the Inn was used for business purposes, resulting in 455 square feet. Petitioners added this 455 square feet to the 4,363 square feet of the Inn used exclusively for business, and petitioners calculated that a total of 4,818 square feet of the Inn was used in the business of the bed and breakfast.

Petitioners then calculated a business-use percentage for the entire Inn by dividing the total business square feet of 4,818 by the Inn's total square feet of 5,664. Under this calculation, the Inn was treated by petitioners as used 85 percent for business and 15 percent for personal use.

On Schedule C, Profit or Loss From Business, of their 2000 joint Federal income tax return, petitioners applied the above percentages (85 percent business, 15 percent personal) to the total depreciation and interest expenses relating to the Inn.

In the above calculations, petitioners treat the Inn as what they refer to as a "commercial structure," and petitioners do not apply the exclusive-use limitation of section 280A(f)(1)(B) to the dual-use portion of the Inn.

On audit, because petitioners used a portion of the Inn as their personal residence, respondent applied the exclusive-use limitation of section 280A(f)(1)(B) and disallowed all business deductions relating to the dual-use portion of the Inn. Respondent recalculated allowable depreciation and interest deductions relating to the bed and breakfast business based on an allocation factor of 77 percent (i.e., the portion of the Inn used exclusively in the business).

## Discussion

Section 280A(a) provides a general disallowance rule for expenses relating to a "dwelling unit" that is used as a personal residence of the owner taxpayer. Section 280A(a) provides generally as follows:[1]

> Except as otherwise provided in this section * * * no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.

For purposes of section 280A, a dwelling unit is treated as used as a taxpayer's residence if the taxpayer uses the dwelling

---

[1] Certain exceptions to the general disallowance rule of sec. 280A(a) are not applicable to the issue before us.

unit (or a portion thereof) for personal purposes for the greater of 14 days or 10 percent of the number of days during the year that the unit is rented at a fair rental value. Sec. 280A(d)(1).

Section 280A(f)(1)(A) defines a "dwelling unit" for purposes of section 280A as:

> a house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit.

Under section 280A(f)(1)(B), however, where portions of a dwelling unit are used exclusively as a hotel, motel, inn, or similar business, the portion thereof that is used exclusively in the business will not be considered part of the dwelling unit for purposes of the disallowance rule of section 280A(a) (the Hotel Exception). Section 280A(f)(1)(B) provides as follows:

> The term "dwelling unit" does not include that portion of a unit which is used exclusively as a hotel, motel, inn, or similar establishment.

The word "exclusively", as used in section 280A(f)(1)(B), should be given its ordinary and common meaning. Crane v. Commissioner, 331 U.S. 1 (1947); Old Colony R.R. Co. v. Commissioner, 284 U.S. 552 (1932).

In Byers v. Commissioner, 82 T.C. 919, 925 (1984) (involving the rental of a condominium unit as part of a resort hotel and the personal use of the condominium by the taxpayer for 30 days of the year), we held that for purposes of the Hotel Exception

"exclusively" means "solely" and that "any rent-free personal use of a unit during a taxable year precludes finding that such unit was used 'exclusively as a hotel.'"

Accordingly, once personal use exceeds the 14-day or 10-percent trigger of section 280A(d)(1), under the Hotel Exception the only portion of a hotel, motel, inn, or bed and breakfast that is excepted from the general disallowance rule of section 280A(a) is that portion that is used exclusively in the business. Under the exclusive-use rule, the Hotel Exception does not apply to the dual-use portion of a hotel, inn, or bed and breakfast. See Lofstrom v. Commissioner, 125 T.C. ___ (2005) (slip op. at 11).

Petitioners, however, argue that a structure that otherwise would fall within the section 280A(f)(1)(A) definition of a dwelling unit, such as petitioners' Inn, at some point may become so commercial in operation and so different from a personal residence that the general disallowance rule of section 280A(a) should not apply to the dual-use portion, and business expenses relating to the dual-use portion of the property (e.g., in this case the lobby, registration area, office, kitchen, and laundry) should be allowed. Petitioners implicitly contend that their Inn has become so commercial that it should be treated the same as petitioners would treat a large hotel.[2]

---

[2]Petitioners posit, for example, a situation in which a
(continued...)

In <u>Grigg v. Commissioner</u>, 979 F.2d 383, 385-386 (5th Cir.
1992), affg. T.C. Memo. 1991-392, in which the taxpayer, similar
to the taxpayer in <u>Byers v. Commissioner</u>, <u>supra</u>, used a
condominium for part of the year as a rental and for part of the
year as a personal residence, the Court of Appeals, in dicta,
stated that section 280A does apply to large hotels:

> [A] taxpayer may * * * [take deductions] for the entire
> portion of the hotel which is used solely for
> commercial purposes.  The portion of the hotel which is
> used for personal use obviously does not fit the
> exception and therefore <u>is</u> a dwelling unit, subject to
> the provisions in section 280A.
>
> Thus, for example, if 98 units of a 100 unit hotel
> are used exclusively as a hotel and 2 units are used
> for personal reasons, the deductible expenses for the
> 98 units are excepted from section 280A and cannot be
> limited thereby since that portion of the hotel meets
> the requirements of the hotel exception.  The other two
> units are dwelling units since the owner has not used
> them exclusively as a hotel. * * * [Fn. ref. omitted.]

The purpose of section 280A is to prevent taxpayers from
taking business deductions which in effect relate to personal
living expenses.  By reading into the statutory language of

---

[2](...continued)
taxpayer-owner of a 500-room hotel uses one of the suites as his
personal residence and chooses each morning to read the newspaper
in the hotel lobby.  Petitioners argue that the taxpayer's
personal use of the lobby would be de minimis and should not
result in the disallowance of business expenses relating to the
hotel lobby.  Respondent agrees that, "Arguably, merely reading a
newspaper in a lobby does not rise to 'use for personal
purposes'" but cautions that "the owner might be wise to do his
reading elsewhere".  Herein, we do not decide whether there is a
de minimis exception to the exclusive-use limitation of sec.
280A(f)(1)(B).

section 280A an exception for establishments that reach a certain size or commercial level, petitioners would in effect grant to taxpayers owning large hotels deductions that would be prohibited to owners of small hotels simply by virtue of the disparity in the size or commercial nature of their respective hotels.

Section 280A(f)(1)(B) specifically refers to hotels and in so doing does not place any limitation on the size or nature of the hotel.  The narrow reading by petitioners of section 280A(f)(1)(A) is not consistent with the statutory language.

Even if petitioners' legal argument had validity, which it does not, the facts herein are quite different from petitioners' extreme hypothetical situation.  Nearly one quarter of petitioners' moderately sized bed and breakfast inn is used exclusively or partially for personal purposes.

If we find that section 280A is applicable to petitioners' Inn, in the alternative petitioners argue that their business use of the dual-use portion of the Inn should be treated as used exclusively in the business of operating a bed and breakfast and therefore as qualifying for business deductions under the Hotel Exception of section 280A(f)(1)(B).

Petitioners misread the exclusive-use rule of the Hotel Exception.  Thereunder, as explained, only the portion of petitioners' Inn used solely and exclusively in the business of operating the bed and breakfast is treated as business property. The dual-use portion of the Inn, because it was used partially

for personal purposes, does not fall within the Hotel Exception, is not removed from the general definition of a dwelling unit, and related expenses are not excepted from the general disallowance rule of section 280A(a).

To reflect the foregoing,

Decision will be entered

under Rule 155.