10-3916-cr
*United States v. Siddiqui*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         SUSAN L. CARNEY,
                  *Circuit Judges*,
         ROSLYNN R. MAUSKOPF,
                  *District Judge.*\*

---

UNITED STATES OF AMERICA,

                  *Appellee*,

         -v.-                                    10-3916-cr

AAFIA SIDDIQUI,

                  *Defendant-Appellant.*\*\*

---

FOR APPELLANT:     DAWN M. CARDI (Chad L. Edgar, *on the brief*), Dawn M. Cardi & Associates, New York, NY.

---

\*The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

\*\*The Clerk of the Court is respectfully directed to amend the caption to conform with the above.

FOR APPELLEE:          JENNA M. DABBS, Assistant United States Attorney (Christopher L. Lavigne, Jesse M. Furman, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED**.

Appellant Aafia Siddiqui appeals from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*), convicting her after a jury trial of numerous offenses and sentencing her principally to 86 years' imprisonment. In an accompanying published opinion, we address five issues that Siddiqui raises on appeal. We address the remaining issues herein. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Siddiqui contends that reversal is warranted because the district court admitted testimonial hearsay in violation of *Crawford v. Washington*, 541 U.S. 36 (2004), and that the error was not harmless beyond a reasonable doubt. Her argument follows several steps. She claims that the

2

testimony of two United States Army officers that they were informed by certain Afghan officials that Siddiqui was in possession of incendiary documents at the time of her arrest violated *Crawford*.  Siddiqui argues that without this testimony, the government could not establish that Siddiqui possessed the documents when she was arrested.  And according to Siddiqui, because the "real relevance" of the documents is that Siddiqui possessed them in close proximity (in time) to the shooting incident, the documents would have been excluded under Federal Rule of Evidence 403 but for the officers' testimony.

Siddiqui's *Crawford* challenge stumbles at its first step.  The Confrontation Clause bars only *testimonial* hearsay used to establish the truth of the matter asserted.  *See United States v. Paulino*, 445 F.3d 211, 216-17 (2d Cir. 2006).  A testimonial statement is "a solemn declaration or affirmation made for the purpose of establishing or proving some fact."  *Michigan v. Bryant*, 131 S.Ct. 1143, 1153 (2011) (internal quotation marks and brackets omitted).  Typical testimonial statements include affidavits, depositions, and grand jury testimony.  *See Crawford*, 541 U.S. at 51-52.  The outer bounds of what constitutes a testimonial statement remain unclear.  But "the critical factor in identifying a

Confrontation Clause concern is the declarant's awareness or expectation that his or her statements may later be used at trial." *United States v. Farhane*, 634 F.3d 127, 163 (2d Cir. 2011) (internal quotation marks omitted).

Here, we have little doubt that the Afghan officials had no expectation or awareness that their statements regarding what documents were found on Siddiqui when she was arrested would later be used at a trial. When these statements were made, Siddiqui had not yet fired upon the American interview team. The United States' interest in Siddiqui was primarily military in nature. This is underscored by the fact that the statements were conveyed to American military personnel, not domestic law enforcement officers. As such, there was no *Crawford* violation. *See Bryant*, 131 S.Ct. at 1154.

We note also that the government did not offer these statements to prove the truth of the matter asserted, but rather to show their effect on the listeners-in other words, to explain the United States' interest in interviewing Siddiqui. The district court gave a limiting instruction to this effect. Even if, as Siddiqui appears to contend, allowing the testimony was impermissible under hearsay rules, such an error would be harmless because (1) there was

4

other evidence that strongly suggested the documents were in Siddiqui's possession at the time of her arrest; and (2) as explained in the accompanying published opinion, admission of the documents was harmless.

Next, in an argument that she herself characterizes as advancing a "novel theor[y]," Siddiqui Reply Br. 3, Siddiqui contends that the district court committed reversible error in failing to give an instruction to the jury requiring them to be unanimous as to the specific identity of Siddiqui's intended victims for the attempted murder counts. We disagree.

The statutes at issue here prohibit the attempted killing of "a national of the United States," 18 U.S.C. § 2332, and "any officer or employee of the United States while such officer or employee is engaged in or on the account of the performance of official duties," 18 U.S.C. § 1114. Because the statutes do not specify the elements of "attempt to kill," the elements are those required for attempted murder at common law, which include an intent to kill. *See Braxton v. United States*, 500 U.S. 344, 351 n.* (1991).

Federal juries must be unanimous as to each element of an offense. *Richardson v. United States*, 526 U.S. 813, 817

5

(1999). However, "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element." *Id.* "[F]or example, [where] an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force." *Id.* Courts have not developed a bright line test for distinguishing between an element of a crime and a "brute fact." Instead, they look to the statutory language, tradition, and fairness concerns, such as the likelihood that treating a fact as a means rather than an element would allow "wide disagreement among the jurors about just what the defendant did, or did not, do" and the risk that the jury may convict on bad reputation alone. *Id.* at 819.

Here, the relevant statutory language—prohibiting the attempted killing of "*a* national" and "*any* officer or employee—suggests that Congress did not intend that the government had to prove that the defendant had a particular

individual in mind as an element of the crime. *Cf. United States v. Talbert*, 501 F.3d 449, 451 (5th Cir. 2007); *United States v. Verrecchia*, 196 F.3d 294, 299 (1st Cir. 1999). Viewing the identity of the intended victim as a "brute fact" rather than as an element does not implicate fairness concerns. It does not allow for wide juror disagreement as to the defendant's acts and does not create or aggravate the risk that the jury would convict on bad reputation alone. *See Richardson*, 526 U.S. at 819.

Indeed, a contrary interpretation would lead to absurd results. For instance, under Siddiqui's interpretation of the statute, a defendant who fired one shot at a group of United States employees or nationals with the intent to indiscriminately kill one of them, but not an intent to kill a particular individual, could not be convicted under the statutes. For these reasons, we reject Siddiqui's argument that the district court was required to instruct the jury that they had to be unanimous as to which United States employee or national Siddiqui intended to kill.

The final three arguments that Siddiqui advances concern sentencing. She contends that the district court erred by refusing to "horizontally depart" in her criminal history category and thereby to mitigate the effects of the

7

terrorism enhancement on her sentence. We will not review a district court's refusal to alter a criminal history category unless the court "misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005); *see United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006). Because there is nothing in the record to suggest that the district court did not appreciate or understand its authority to depart or that the sentence was otherwise illegal, we reject Siddiqui's argument.

Next, in a somewhat unfocused argument, Siddiqui contends that (1) "the district court erred procedurally by not providing notice to defense counsel that recidivism was going to be a predominant concern" at sentencing; and (2) the district court imposed a "substantively unreasonable" sentence by finding that without treatment Siddiqui was likely to be a recidivist, and thereby drew conclusions that were clearly the province of mental health professionals. Siddiqui Reply Br. 49. Siddiqui's claim of procedural error predicated on lack of notice is without merit. Indeed, the very Supreme Court case on which Siddiqui relies notes that "[g]arden variety considerations of culpability, criminal history, *likelihood of re-offense*, seriousness of the crime,

8

nature of the conduct, and so forth should not generally come as a surprise to trial lawyers who have prepared for sentencing." *Irizarry v. United States*, 553 U.S. 708, 716 (2008) (internal quotation marks omitted) (emphasis added). In addition, and more importantly, defense counsel, in their sentencing submission to the district court, explicitly addressed the issue, writing: "We understand that the Court, in light of our continued emphasis upon Dr. Siddiqui's serious mental illness and the role it played in her offense conduct, has to speculate as to Dr. Siddiqui's future dangerousness when addressing the issue as to what sentence will protect the public from her." JA 3095.

Nor did the district court improperly invade the province of mental health professionals when it commented on the defendant's likelihood of recidivism. Contrary to Siddiqui's contentions, the district court's comments here are a far cry from the comments to which this Court took exception in *United States v. Cossey*, 632 F.3d 82, 88 (2d Cir. 2011), and *United States v. Dorvee*, 616 F.3d 174, 183-84 (2d Cir. 2010). Moreover, the district court relied on other factors—such as the seriousness of the offense and the need for general deterrence—in fashioning its sentence. Under the circumstances of this case, a sentence of 86 years' imprisonment is substantively reasonable.

Finally, we need not address Siddiqui's claim that the district court erred in finding that her conduct was premeditated. Even without a finding of premeditation, Siddiqui's Guidelines range would have been life imprisonment. As such, the district court characterized the dispute regarding premeditation as academic before addressing the issue. Any error in finding Siddiqui's conduct to be premeditated would be harmless. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009).

After a thorough review of the record, we find Siddiqui's remaining arguments to be without merit.

For the foregoing reasons, and for the reasons stated in the accompanying published opinion, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10